## Domineck et ux. *v.* Tuskan et al., Appellants.

Argued April 16, 1963. Before ERVIN, WRIGHT, WOODSIDE, WATKINS, MONTGOMERY, and FLOOD, JJ. (RHODES, P. J., absent).

*Henry E. Shaw,* with him *Scales and Shaw,* for appellants.

*Robert M. Carson,* for appellees.

OPINION BY WATKINS, J., September 12, 1963:

These appeals are from the decree of the Court of Common Pleas of Westmoreland County dismissing the exceptions of the parties and affirming and adopting the decree nisi entered by the Chancellor.

These cases were tried by the court below, without a jury, under a written agreement between the parties in accordance with the Act of April 22, 1874, P. L. 109, 12 PS §688.

The cases involve actions to quiet title. The first was instituted by the plaintiffs, Patsy Domineck and Florence Domineck, his wife, the appellees, against the defendants, Andrew Tuskan and Kathryn Tuskan, appellants; the second, by the appellees against John Falatovich and Leona Falatovich, appellants. The actions were to quiet title to a 15 foot strip of land 170 feet in length, to which the plaintiffs alleged their ownership. It lies between the property admittedly owned by the Dominecks and the property admittedly owned by the Tuskans and the Falatovichs. The 15 foot strip of land is to the west of the property owned by the Dominecks and to the east of the property owned by the Tuskans and the Falatovichs.

The testimony revealed that each of the parties or their predecessors in title had at sometime or other exercised partial dominion over portions of the strip. Neither are able to show that they had established title by adverse possession for a period of twenty-one years.

According to the Chancellor's opinion in the decree nisi, the deeds relied upon by the plaintiffs were ambiguous and the opinion of the court en banc below holds as follows:

"In the first deed, the description of the tract conveyed reads: 'Beginning at a point in the center of said road . . .'. The defendants have urged upon the Court that both the description is incorrect and that

the drawing attached to the deed is likewise incorrect. The basis for this interpretation by the defendants is that they actually began their possession on the easterly side of the road and extended it back 181.5 feet, thus including in their possession a portion of the disputed strip of ground 15 feet in width and 120 feet in length. However, the second deed of April 5, 1941, again reads: 'Beginning at a point in the center of the road . . .'. Apparently, this was the second mistake by the scrivener, as this too, according to the allegations of the defendant, should have properly begun on the easterly edge of the road described in the second deed. There was general testimony by the defendants that after both of these previous deeds or conveyances were made, that the respective grantees used and possessed the 15 foot strip. The plaintiffs rely upon the third deed and, in particular, that portion of the deed which uses as one of the boundaries the words 'in a straight line dividing lots herein described and property of Clark Baughman'. This would establish the westerly course and distance of the plaintiffs' property as including the 15 foot strip in question. However, as was pointed out in the Chancellor's Opinion, in at least two places in the deed, there is mentioned that three lots are to be conveyed, these lots being a portion of the James Ashton Plan of Lots. The lots can be shown or seen on the James Ashton Plan of Lots which by reference is made part of the deed. They are 60 feet in length and would reach for a total distance of 180 feet. The distance of 180 feet is again used in the east-west course and distance, and also in the west-east course and distance of the plaintiffs' deed. Both of the aforementioned courses and distances, if including the 15 foot strip, would of necessity need to be 195 feet. After the three above mentioned conveyances were completed, it is inconceivable that the grantor intended to retain any interest in a

15 foot strip of land 170 feet long. The land itself had no intrinsic value and if it was not included in any of the aforementioned deeds, then this was done purely by mistake. Assuming arguendo that neither the plaintiffs' deeds nor the defendants' deeds can be construed to contain the 15 foot strip of land, the grantor would find himself left with a useless strip of property between two properties which he doesn't own. As was later shown, the grantor attempted to convey a portion of this 15 foot strip to one of his original grantees. This could only have been done by him if he had thought that neither the deeds of the plaintiffs nor of the defendants contained any portion of this 15 foot strip. Obviously, what had occurred is that in the first two conveyances, the grantor conveyed from the center line of the road 181.5 feet back and did not include any portion of this 15 foot strip. The grantees, however, thinking that it had been included, took possession and exercised dominion over this 15 foot strip. Later, the grantor conveyed three lots thinking that the 15 foot strip had previously been conveyed to the other two grantees. As a point of fact, the Chancellor found that the grantor of both the plaintiffs and the defendants did not intend to retain any interest in the 15 foot strip, and this is perfectly logical, since the land was valueless.

"Neither the plaintiffs nor defendants have presented Supreme Court cases, nor through our research have we been able to find any which directly solve the riddle of the present situation. The law is clear, however, that when a deed is obscure or ambiguous and the intention of the party derived from the instruments is doubtful, then, a consideration should be made of both the subject matter and the conditions existing when it was executed. See 21 P.L.E. Deeds, §21.

"This 15 foot strip was not dedicated as an alley by the grantor, but it did in fact become one. This

case is then similar to that of Walker v. Walker, 153 Pa. Superior Ct. 20 (1943), wherein the ownership of a strip of land was held to be in the adjacent land owners, namely, that each adjacent land owner had a one-half fee simple to the center of the strip, with the easement in the remaining one-half of the strip. The Court is left with only general principles and a factual situation analogous to Walker, supra. Each party, it may be said, would have us extend the reasoning of the present case law."

The Chancellor found as a fact, among others, that:

"21. The Exhibits offered on behalf of both plaintiffs and defendants are true and correct representations of the contents thereof."

"23. The deed of James Ashton, recorded in Deed Book Vol. 699, page 378, to Clark Baughman and Margaret Baughman, did not convey exclusive title in any portion of the 15 foot strip now in question."

"24. The deed of Sadie Bigelow dated April 5, 1941, and recorded in Deed Book Vol. 1081, page 352, to Russell C. Baughman, did not convey any exclusive interest in the 15 foot strip in question."

"25. The deed of Sadie Bigelow dated June 15, 1943, recorded in Deed Book Vol. 1147, page 239, to the plaintiffs, Patsy Domineck and Florence Domineck did not operate to convey an exclusive interest in that portion of the 15 foot strip in question."

"29. The adjoining land owners are equally entitled to the use and possession of the 15 foot strip of land in question."

These findings of fact are substantiated by adequate evidence and will not be reversed. *Pregrad v. Pregrad,* 367 Pa. 177, 80 A. 2d 58 (1951); *Peters v. Machikas,* 378 Pa. 52, 105 A. 2d 708 (1954).

The intent of the parties and the circumstances clearly indicate that an alley or accessway was in fact established, as borne out by the descriptions in the

deeds and the print prepared for James Ashton in 1924. Said alley being appurtenant to the lots of all parties concerned the case of *Walker v. Walker,* 153 Pa. Superior Ct. 20, 33 A. 2d 455 (1943), would be applicable and the decree as entered is proper.

The appellants contend that the decree of the court below did adjudicate a matter not litigated, claiming a variance between the allegations of the complaint and the proofs.

Trials by a court without a jury proceed as in equity. *Lytle, Campbell & Co. v. Somers, Fitler & Todd Co.,* 276 Pa. 409, 120 A. 409 (1923). And the modern tendency of the courts is to abolish technical refinements as to variance, with a view toward securing substantial justice. *Kerr v. Smith,* 290 Pa. 566, 139 A. 450 (1927).

Here, the appellees alleged they owned the fee to the entire 15 x 170 feet strip of land, the proofs indicate they own a fee in 7½ x 170 feet of said strip, subject to an easement in favor of appellants, to use it, together with an easement in appellees' favor to use the balance of the strip in common with appellants. This variance is not so substantial as to require a reversal.

Decree affirmed.