## Keba, Appellant, *v.* Pickett.

Argued March 18, 1969. Before BELL, C. J., JONES, COHEN, EAGEN, O'BRIEN, ROBERTS and POMEROY, JJ.

*John R. Gavin,* with him *Spotts, Gill, Gavin & Morrow,* for plaintiff, appellant.

*Harry John Zimmer,* with him *Andrew J. Banyas,* and *Meyer, Darragh, Buckler, Bebenek & Eck,* for defendant, appellee.

*Harold Gondelman,* with him *Richard H. Martin,* and *Baskin, Boreman, Sachs, Gondelman & Craig,* for additional defendant, appellee.

OPINION BY MR. JUSTICE EAGEN, April 23, 1969:

On February 8, 1964, John Keba was a passenger in an automobile operated by Edward Rumcik, when it collided with an automobile operated by Joseph Pickett. Keba was severely injured and instituted this action to recover damages from Pickett. The latter joined Rumcik as an additional defendant. At the conclusion of the liability testimony, the trial court entered a compulsory nonsuit in favor of Rumcik, but ruled that the issue of Pickett's liability was for the jury to determine. A verdict was subsequently returned finding Pickett "not negligent"; the court molded the verdict and directed it to be entered in favor of the defendant. From the judgment entered on the verdict, Keba appeals.

The accident occurred in Allegheny County on the Ohio River Boulevard, a four-lane highway, which has two lanes reserved on each side for traffic traveling in the same direction. There is a divider in the center of the highway. At the time of the accident, it was snowing and the road was "slippery" and "icy." The versions of the occurrence, as given by Pickett on the one hand and Keba and Rumcik on the other, differed dramatically.

Pickett testified that his automobile was traveling in an easterly direction in the outside lane on his side of the highway at a speed of about 20 miles an hour, when it suddenly slid, went out of control and

crossed over the center divider onto the lanes of the opposite side of the highway and came to rest in a diagonal position facing east, with the front end near the guard rail running alongside of the highway; that after his automobile was stopped in this position for a period of 8 to 10 seconds, with its headlights lit, the Rumcik automobile, traveling west, came along and collided with the right rear fender of his automobile. He further stated that after his automobile came to rest, he observed that the Rumcik automobile was still several hundred feet away from the point of collision.

The testimony of Keba and Rumcik was generally consistent. They testified that the road was slippery and that the Rumcik vehicle had considerable difficulty pursuing an upgrade in the highway several hundred yards away from the point of collision; that after it reached the top of the incline and proceeded down the other side, traveling at a speed of about 8 to 10 miles an hour, the Pickett automobile suddenly spun around and swerved from its side of the highway over onto the other side and into their path, causing the right rear end thereof to come into contact with the left front end of the Rumcik automobile.

Keba advances three assignments of error which will be discussed ad seriatim.

It is first complained that the verdict was against the weight of the evidence. In this connection, it is argued that since the Pickett vehicle was on the wrong side of the highway at the time of the accident, the burden was upon its driver to show that it was there through no negligence on his part. This is a correct statement of the law (*Blockinger v. Schweitzer*, 419 Pa. 342, 214 A. 2d 244 (1965)) and, admittedly, the trial judge so instructed the jury. But argues Keba, Pickett's explanation as to why his vehicle was on the wrong side of the highway was insufficient to estab-

lish the absence of negligence on his part. With this, we disagree. As we read the testimony, whether or not Pickett was operating his automobile with due care under the existing circumstances was for the jury to resolve. Moreover, the determination of whether a verdict is against the weight of the evidence, so that a new trial should be granted, rests primarily with the trial judge, and his action will not be disturbed on appeal unless there is a palpable abuse of that discretion. *Bailey v. Gibbs*, 414 Pa. 238, 199 A. 2d 460 (1964). No such palpable abuse of discretion is manifested here.

It is next complained that the trial court erred in entering a compulsory nonsuit in favor of the additional defendant, Rumcik. Even assuming this to be correct, Keba voiced no such objection at trial. It was only after the rendition of the unfavorable verdict that this purported error was asserted. Under such circumstances, we will not consider the merits of the purported error.

Finally, Keba maintains that after the nonsuit was entered as to Rumcik, it was prejudicial error for the court to charge the jury as follows: "You must consider whether it was the skidding which caused the accident or whether the inattention, if any, of Mr. Rumcik caused the accident after the defendant came to a complete stop in the path of the Rumcik vehicle."

The record discloses that the challenged instruction was but a small and isolated portion of the court's instruction to the jury. It is fundamental that a charge must be read as a whole and its general effect noted in determining if prejudicial error occurred. *Smith v. Clark*, 411 Pa. 142, 190 A. 2d 441 (1963). So read, we find no error requiring the grant of a new trial. The charge was fair and in several instances emphasized that the sole issue for determination was whether

Pickett was operating his automobile with due care in view of the existing dangerous conditions. Significantly also, Keba failed to object to the charge either by way of special or general exception. In fact, at the end of the charge, when the court inquired if there were any suggested "additions or corrections," his counsel replied, "None, Your Honor." Cf. *Lobalzo v. Varoli*, 422 Pa. 5, 220 A. 2d 634 (1966), and *Reardon v. Meehan*, 424 Pa. 460, 227 A. 2d 667 (1967).

Judgment affirmed.