Hrivnak *v.* Perrone, Appellant.

Argued April 10, 1974. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*John E. Hall,* with him *Meyer, Darragh, Buckler, Bebenek & Eck,* for appellant.

*Jack R. Sparacino,* for appellee.

OPINION BY JACOBS, J., December 11, 1974:

On June 11, 1971, the appellee, hereinafter Plaintiff, filed a complaint in trespass against the appellant, William Perrone. The complaint averred that on October 20, 1970, the appellant was operating a motor vehicle which "started to back up" and "did violently strike the Plaintiff, Andrew Hrivnak, who was standing on the sidewalk, near the curb; pinning said Plaintiff . . . against a pole; resulting in the injuries hereinafter complained of."

At trial, the plaintiff was the sole witness on the question of liability. His testimony conformed to the averment in his complaint that he was struck by the appellant's car and that his left knee was pinned against a pole by the bumper of the vehicle. He testified that the appellant's car "just pinned me against the pole." He stated that he did not see the appellant's car until the car actually hit him, and in court indicated the exact part of his leg which was struck by the car.

During the presentation of his case, the appellant testified that his car never struck the plaintiff and that he had stopped his car approximately 4 feet from the pole. Another witness, who observed the incident from across the street, testified that the appellant's car was slowly backing up, that the plaintiff had taken one step off the curb and then stepped back and fell down. He stated that the appellant's car came to a complete stop some 3 to 4 feet from the plaintiff and never touched him.

The issue in this case arises from the court's charge to the jury. The court, after instructing the jury on the issues consistent with the plaintiff's averments, told them that they could find for the plaintiff if they found that the appellant negligently placed the plaintiff in a position of peril. The court stated: "Now remember that there does not have to be any touching of the plaintiff by the defendant's automobile to find for the plain-

tiff." The appellant took exceptions to this part of the charge.

The trial judge in so charging the jury introduced a new theory of liability into the case, a theory not pleaded by the plaintiff and upon which he offered no proof. We hold that this was error prejudicial to the appellant and requires the granting of a new trial. The Court in *Heymann v. Electric Service Manufacturing Co.*, 412 Pa. 338, 194 A.2d 429 (1963), stated: "It is hornbook law that instructions given to a jury must be confined to the issues raised in the pleadings and the facts developed by the evidence in support of such issues." *Id.* at 345, 194 A.2d at 432. "Recovery must be had upon proof of the cause of action averred." 4 Standard Pennsylvania Practice 476 (1955).

We note, of course, that the modern tendency is to abolish technical refinements as to variance between the allegata and probata with a view toward securing substantial justice, *Domineck v. Tuskan,* 201 Pa. Superior Ct. 608, 193 A.2d 626 (1963) ; but this case involves more than a technical distinction between the pleadings and the proof. Not only did plaintiff testify unequivocally that he was struck by the appellant's vehicle, but his testimony also negated the possibility of reliance upon the sudden emergency doctrine. He offered no evidence which would support a claim that appellant placed him in a position of peril which was the proximate cause of a fall while attempting to avoid an impending accident. Indeed, the plaintiff's own testimony discloses that he did not see the automobile before it allegedly struck him.

In this case, the charge of the court introduced into the lawsuit an issue foreign to the pleadings, the evidence, and the theory upon which the case was tried. "As simple as pleading has become, the defendant still had a right to know what he is called upon to answer." 4 Standard Pennsylvania Practice 477 (1955). Here

the appellant was sorely prejudiced by the instruction to the jury. There was no opportunity to cross-examine on this theory of liability, nor was counsel on notice to argue against this theory to the jury.

"[W]here a particular issue is not raised by the pleadings, the fact that evidence on that issue has been received without objection does not authorize an instruction by the court on that issue: Littman v. Bell Telephone Co., 315 Pa. 370, 381, 172 A. 687." *Heymann v. Elec. Serv. Mfg. Co.,* supra at 345, 194 A.2d at 432.

The submission of this theory to the jury was error; and, because the jury could have predicated its verdict upon this theory, we must grant a new trial. *Connelly Containers, Inc. v. Pennsylvania R.R.,* 222 Pa. Superior Ct. 7, 292 A.2d 528 (1972); *see Pascarella v. Kelley,* 378 Pa. 18, 105 A.2d 70 (1954).

Judgment reversed.

WATKINS, P. J., dissents.