372 A.2d 730
**Andrew HRIVNAK, Appellant,**
**v.**
**William J. PERRONE.**

Supreme Court of Pennsylvania.

Argued Sept. 23, 1975.

Decided April 28, 1977.

Jack R. Sparacino, Belle Vernon, for appellant.

John E. Hall, Pittsburgh, for appellee.

Before JONES, C. J., and EAGEN, O'BRIEN, ROBERTS, POMEROY, NIX and MANDERINO, JJ.

## OPINION OF THE COURT

NIX, Justice.

The central issue raised in this appeal concerns the *sua sponte* charge of the trial court relating to a theory of recovery not raised by plaintiff-appellant and in fact refuted by the testimony offered on appellant's behalf. For this reason the Superior Court reversed the trial court, vacated the judgment in favor of appellant and awarded a new trial.[1] We granted allocatur and now affirm the order of the Superior Court.

The pertinent facts of this case may be summarized as follows: On June 11, 1971, appellant Andrew Hrivnak, plaintiff below, filed a complaint in trespass in the Court of Common Pleas of Westmoreland County against appellee, William Perrone. The complaint alleged that on October 20, 1970, appellee was in the process of backing his vehicle against traffic on Donner Avenue, a one-way street in the City of Monessen, and "did violently strike the [appellant], who was standing on the sidewalk, near the curb; pinning [appellant] against a pole; resulting in the injuries hereinafter complained of." Appellee filed an answer to the complaint specifically denying that the vehicle operated by him struck appellant in any manner. Thus, as framed by the pleadings, the issue in

---

1. *Hrivnak v. Perrone,* 231 Pa.Super. 151, 331 A.2d 507 (1974) (WATKINS, J., dissenting).

the lawsuit was whether appellant's vehicle did in fact strike the person of the plaintiff thereby causing the alleged injury.

At trial, appellant's testimony was consistent with the averments of his complaint to the effect that he was struck by the vehicle driven by appellee and was pinned against a pole.

". . . Well, anyway, I stood there waiting for the traffic to come within my means to cross and I took one step out into the street and here on top of me come [sic] a car. I looked, then I recognized it was a car and my gosh, I—and hurriedly stepped back. I got that one foot out of the way and the car just kept coming by me and I tried to get this left knee out of the way. I couldn't make it and it just pinned me against the pole." [sic]

After appellant rested his case the appellee and a witness offered by him testified that no touching occurred. Their evidence indicated that appellant "stepped back" toward the curb when appellant noticed the approaching vehicle and then fell down. Russell McKeen, a factual witness produced by the appellee stated that he observed the incident from a second floor window across the street from where the event occurred. His testimony in pertinent part was as follows:

Q. Did you see the car moving?

A. Yes, before that, it was backing up slowly.

Q. It was backing up slowly?

A. Yes.

Q. Towards Mr. Hrivnak?

A. Right.

Q. And Mr. Hrivnak, at the time the car was backing up towards him, had taken a step into the street; is that right?

A. Yes, he stepped back on, back onto the curb. I imagine when he seen the car, he looked and seen

the traffic and seen the car backing and stepped back. [sic]

Q. What did he do when he stepped back?

A. He fell.

Q. And did the car at any time come in contact with him?

A. No, I didn't see the car hit him at any time.

At the close of the evidence, both counsel delivered their summations to the jury. The arguments of counsel were consistent with their parties' respective allegations and proof. As framed by the pleadings, the evidence and the arguments of counsel, the jury was called upon to resolve whether appellant had in fact been struck by appellee's vehicle. In his charge to the jury the trial judge advised them as follows:

"Now remember that there does not have to be any touching of the plaintiff by the defendant's automobile to find for the plaintiff."

Appellee's properly noted exception to this portion of the charge was overruled, and the jury returned a verdict for appellant in the amount of Ten Thousand, Eight Hundred, Twenty-five Dollars and Ten Cents ($10,825.-10). Motions for judgment notwithstanding verdict and for a new trial were filed, heard and denied, and judgment was entered on the verdict. As has been stated heretofore, the Superior Court reversed the judgment and this Court granted allocatur. While the testimony of appellant, if believed by the jury, would have supported the verdict [2] under the impact theory, we must nevertheless consider the propriety of the challenged portion of the charge since it is quite possible that the verdict may have been predicated upon the theory introduced by the court in the charge.

2. In view of the fact that the evidence of the appellant was sufficient to go to the jury under the impact theory, we agree with the trial judge's denial of the motion notwithstanding judgment.

On appeal to this Court, appellant contends that the Superior Court misperceived the question. It is urged that it was not the trial judge but the appellee who "introduced" the alternative theory of negligence into the case through the testimony of the defense witness Russell McKeen. Appellant thus attempts to rely on the rule in this jurisdiction that "[a] party is entitled to the benefit of all affirmative facts helpful to his case, notwithstanding they may be adduced by his opponent's testimony." *Silberstein v. Showell, Fryer & Co. (No. 1)*, 267 Pa. 298, 304, 109 A. 701, 702 (1920). *See also Devlin v. Piechoski*, 380 Pa. 146, 110 A.2d 241 (1955); *Northern Trust Company v. Huber et ux*, 274 Pa. 329, 118 A. 217 (1922); *Husvar v. The Delaware, Lackawanna and Western Railroad Company*, 232 Pa. 278, 81 A. 298 (1911). In our judgment it is the appellant who fails to understand the principle he seeks to assert.

■ There is a distinct difference between permitting one to receive the benefits of *all affirmative facts helpful to his case* regardless of the party introducing such testimony and permitting one who asserts a claim to recover on the basis of evidence which is diametrically opposed to the facts alleged and testified to by him to support recovery. In each of the above cited cases where this Court applied the principle urged by appellant, the evidence sought to be used to support recovery was not in conflict with plaintiff's theory of recovery. Thus, in *Husvar*, we permitted recovery by a plaintiff who had rested his case simply showing an unexplained accident where the defendant assumed the unrequired burden of negating negligence and in so doing adduced evidence which supported the inference of its negligence.

The principle was again raised in *Northern Trust Company*. In that appeal the question was whether certain assets in the possession of the defendant constituted a gift or whether they had been placed in his possession solely for safekeeping. At the time that the plaintiff

rested his case, a compulsory nonsuit would have been justified. The defendant then presented evidence which benefited the plaintiff. On appeal, this Court held that such evidence was to be considered regardless of its source. In *Silberstein,* the Court rejected the trial court's appraisal of plaintiff's case based solely on the testimony of the witness offered by the plaintiff but also considered evidence introduced by the defendant in support of plaintiff's position. Again in *Devlin,* we permitted testimony introduced by the defense to be used in support of the claim advanced by the plaintiff. The common theme of all of these decisions is that the challenged evidence supported the theory of the plaintiff.

To deny plaintiff the benefit of defense testimony which may support the plaintiff's theory would frustrate truth which is the ultimate objective of a trial. However, to permit recovery by a plaintiff, who has the responsibility of sustaining the burden of proof, under a factual setting which has been repudiated by his own evidence would create a paradox incapable of reconciliation with our concept of the adversary system.

The trial judge is charged with the responsibility of defining all *pertinent* questions of law and clarifying the issues to be resolved by the jury. *Smith v. Clark,* 411 Pa. 142, 190 A.2d 441 (1963). This responsibility however does not cast him in the role of an advocate.

> "Judges should, within reasonable limitations, allow attorneys to try their own cases; . . . undue interference with the trial of a case and undue emphasis of one side of the case . . . are not in the interest of Justice." *Keating v. Belcher,* 384 Pa. 129, 132, 119 A.2d 535, 537 (1956) (emphasis deleted).

*See also Lutz v. Webster Hall Hotel, Inc.,* 183 Pa.Super. 557, 132 A.2d 410 (1957). While he must crystallize the issues raised by the litigants and explain the relevant

principles of law, he may not assume the advocate's function of inducing theories not raised by the parties. Appellant attempts to equate the challenged portion of the charge as being but an elaboration of the instruction on "sudden emergency"[3] pertaining to the possible contributory negligence of Hrivnak. However, a reading of the charge as a whole, as we are required to do, *McCay v. Philadelphia Electric Co.*, 447 Pa. 490, 291 A.2d 759 (1972); *Incollingo v. Ewing*, 444 Pa. 263, 282 A.2d 206 (1971); *Keba v. Pickett*, 434 Pa. 148, 252 A.2d 675 (1969), disputes this interpretation. While a discussion of the doctrine of sudden emergency in relationship with the reasonableness of Mr. Hrivnak's conduct was indeed proper, another dimension was added when the trial court on its own initiative proceeded to relate this concept to a theory of liability against appellee which was totally irreconcilable with the theory advanced by appellant. If the explanation of the sudden emergency doctrine had been confined to appellant's inability to avoid the impact with the vehicle, the discussion of this subject would have been entirely appropriate under the factual issues raised. In such context it would have been clear to the jury that these remarks were directed to their appraisal of the actions of Mr. Hrivnak immediately preceding the contact with the Perrone vehicle and were intended to provide them with a basis for determining whether Hrivnak's actions were in anyway negligent, and whether his negligence may have contributed to the accident. However, the statement that even absent a touching, Perrone might still be held liable for the injuries, does not relate to the possibility of appel-

---

3. "Sudden emergency", as recognized in this Commonwealth, is a doctrine which operates in certain instances to mitigate the effect of a complainant's contributory negligence. The general rule provides that an individual will not be held to the "usual degree of care", or required to exercise his or her "best judgment" in attempting to escape from a position of peril created by defendant's negligence. *See, e. g., Amodei v. Saunders*, 374 Pa. 180, 97 A.2d 362 (1953); *Maselli v. Stephens*, 331 Pa. 491, 200 A. 590 (1938).

lant's contributory negligence but rather offers an entirely new theory upon which the jury could predicate liability against appellee.

It is suggested that the language of our opinion in *Auerbach v. Philadelphia Transportation Company*, 421 Pa. 594, 221 A.2d 163 (1966) is in conflict with the view we express today. We do not agree. A careful reading of the *Auerbach* decision satisfies us that it is fully in harmony with the views expressed herein. There the plaintiff alleged that she was struck by the defendant's vehicle which transgressed the pavement upon which she was standing. The trial court instructed the jury that the plaintiff could prevail even if the vehicle itself had not mounted the curb but had driven so close that the overhang from the bus had come in contact with the person of the plaintiff. In either event it was the intrusion of the bus into an area properly occupied by the plaintiff that would have caused the mishap. Both factual versions would have been consistent with the theory advanced by plaintiff that the bus usurped the sidewalk.

Although the trial judge in *Auerbach* discussed in the charge other factual theories offered by the defense as to how the unfortunate incident might have occurred, e. g., the plaintiff stepping into the street or having an epileptic fit and falling into the path of the bus, he did not attempt to offer a basis for recovery in such eventuality. An analysis of our decision in *Auerbach* indicates that it was nothing more than a reiteration of the principles announced in *Devlin, Northern Trust Company, Silberstein* and *Husvar*. Permitting the jury to return a finding for the plaintiff in the event that it determined the intrusion upon the pavement on which plaintiff was standing was caused by the overhang of the bus, as opposed to the vehicle actually mounting the sidewalk, was entirely consistent with the fundamental theory offered by the plaintiff that the bus had negligently usurped the area where she was legally standing. This

is therefore in accord with the general principle that a plaintiff may receive the advantage of testimony of the opponent which merely supplies gaps in his proof or further corroborates his version. The instant case stands in sharp contrast to *Auerbach*, however, because in order to predicate recovery upon the theory suggested by the court, the jury here would have been required to completely reject the version of the incident as related by plaintiff's testimony.

■■ While we of course recognize in this jurisdiction that bodily contact is unnecessary to create liability where the natural result of the defendant's negligent conduct is to place the person injured in a position of danger, *Thompson v. Gorman*, 366 Pa. 242, 77 A.2d 413 (1951); *Silfies v. American Stores Company*, 357 Pa. 176, 53 A.2d 610 (1947); *Michaels v. Tubbs*, 221 Pa.Super. 255, 289 A.2d 738 (1972), to reach such a conclusion in the instant case the jury would have been required to disbelieve the explicit testimony of the plaintiff that the Perrone vehicle had pinned him against a pole. Further, even if we assume for the sake of argument that it would have been appropriate for the jury to conclude from the evidence that appellee backed up in a negligent manner, it would still be necessary before recovery could be sustained under this theory to find that appellee's negligence was a substantial factor in causing the injuries sustained by Hrivnak. Here again, to reach this conclusion the jury would have been required to disregard plaintiff's express denial that he fell to the ground in an attempt to avoid the Perrone vehicle. Moreover, the jury would have been required to discount the testimony of plaintiff's medical witness who emphasized that the injuries sustained were compatible with a forceful impact as opposed to a fall to the pavement. Thus, to allow Hrivnak to recover under this theory would be tantamount to permitting the moving party to sustain his claim where the jury had totally discredited the evidence

offered by him in support thereof. Such an anomaly would be completely inexplicable.

Finally, our decision today is not to be construed as an application of the former stringent rule of practice which prohibited a variance between the averments and the proof. As Judge Jacobs stated for the Superior Court below, "the modern tendency is to abolish [such] technical refinements . . . with a view toward securing substantial justice, *Domineck v. Tuskan*, 201 Pa. Super. 608, 193 A.2d 626 (1963)." *Supra*, 231 Pa.Super. at 154, 331 A.2d at 508. Here the probata clearly conformed with the allegata. The gravamen of the assignment of error which necessitated the reversal of the action of the trial court was not simply a matter of inappropriate practice, but rather was that the court *sua sponte* provided the jury with a ground for recovery which was neither solicited nor urged by the moving party, and which was in fact steadfastly resisted by the moving party throughout the entire proceeding.

We thus agree with the conclusion of the Superior Court that the trial judge failed to clearly and correctly define the issues to be resolved by the jury to the prejudice of the appellee, and accordingly, the order of the Superior Court awarding the grant of a new trial is affirmed.

JONES, former C. J., and MANDERINO, J., did not participate in the decision of this case.

ROBERTS, J., filed a dissenting opinion.

ROBERTS, Justice, dissenting.

I dissent. The trial court properly instructed the jury on the questions of law applicable to the evidence presented at trial. See *Smith v. Clark*, 411 Pa. 142, 190 A.2d 441 (1963). Since the trial court did not abuse its discretion in denying appellee's motion for a new trial, I

would reverse the Superior Court's grant of a new trial and reinstate the verdict.

Appellant brought a trespass action against appellee alleging that appellee unlawfully backed his automobile up on a one-way street and struck appellant. At trial, appellant testified that he was struck by appellee's automobile and pinned against a pole. Appellant testified that he sustained injuries including a broken leg.

Appellee admitted that he backed up on a one-way street, but denied that he struck appellant with his automobile. A witness for the appellee testified that he saw appellant step out on the street and then fall as he stepped back. The witness stated that he did not see appellee's automobile hit appellant.

Appellant did not submit any points for charge. Appellee requested two points for charge which the trial court rejected: "(1) Under all the law and the facts as presented your verdict must be for defendant; and (2) Your verdict can only be for the plaintiff if you find that the defendant caused the injury to the defendant's [sic] knee by striking the plaintiff's knee with the rear of his vehicle. If you find that plaintiff's injury was caused by a fall no matter what the cause of such fall your verdict must then be for the defendant."

In instructing the jury, the trial court stated:

"[T]here does not have to be any touching of the plaintiff by the defendant's automobile to find for the plaintiff. To find the defendant liable as I explained and I will further explain, you must however find that the defendant was negligent and that the negligence was a proximate cause of the plaintiff's injury and that the plaintiff was free from contributory negligence."

Appellee took exception to this charge, arguing that the jury instruction was contrary to the factual allegations of appellant's complaint and the evidence which appel-

lant presented at trial. The trial court denied the exception as did the court en banc. On appeal, the Superior Court reversed and granted a new trial.

The majority affirms the Superior Court's grant of a new trial on the ground that the trial court improperly instructed the jury on a "theory" of recovery not raised by appellant in his complaint or at trial and diametrically opposed to appellant's testimony.

Although appellant testified that he was struck by appellee's automobile, a determination that appellant was injured by appellee's negligence even though there was no impact, is not totally inconsistent with appellant's testimony or his "theory" of the case. The jury is free to believe all, part or nothing of a witness' testimony. See, e. g., *Commonwealth v. London*, 461 Pa. 566, 337 A.2d 549 (1975); *Commonwealth v. Kearney*, 459 Pa. 603, 331 A.2d 156 (1974); *Commonwealth v. Ewing*, 439 Pa. 88, 264 A.2d 661 (1970). Here, the jury could have believed appellant's testimony that appellee negligently backed up and believed appellee's testimony that he never struck appellant, and still find in favor of appellant. Thus I cannot agree with the majority that the jury instruction given by the trial court articulated a factual theory of recovery diametrically opposed to appellant's testimony.

Nor can I agree with the majority that the principle that a plaintiff may rely on evidence produced by his opponent to make out his claim, see e. g., *Silberstein v. Showell, Fryer & Co. (No. 1)*, 267 Pa. 298, 109 A. 701 (1920), does not govern here. The majority relies on appellant's pleadings and his case in chief and concludes that *Silberstein* is not applicable because appellant's version of the incident is totally at odds with appellee's version. I find no basis for the majority's analysis.

Under our current practice, a plaintiff need not articulate his "theories" in the complaint or in the case in chief. The complaint need only allege the material facts upon which the cause of action is based. See generally

Pa.R.Civ.P. 1017–1044; 1 Goodrich-Amram, Procedural Rules Service §§ 1017–1044 (1973).

"[T]he plaintiff need not plead the exact details of an accident . . . . These are matters to be shown by evidence at trial." I Goodrich-Amram, Procedural Rules Service § 1044–1.2, at 276 (1973).

Here, appellant alleged sufficient material facts to give appellee notice of the cause of action. Although he alleged he was struck by appellee's automobile, he was not bound by those pleadings. E. g., *Domineck v. Tuskan*, 201 Pa.Super. 608, 193 A.2d 626 (1963); see generally, 4 Standard Pennsylvania Practice (1955). If the evidence establishes that appellant was injured in a manner other than alleged in his complaint, he may still be entitled to recover. Since the issue of appellee's negligence was raised in the pleadings and at trial, the fact that the injury may have occurred in a manner other than alleged by appellant does not preclude his recovery; appellant is entitled to rely on evidence produced by appellee to make out his claim. *Silberstein v. Showell, Fryer & Co. (No. 1)*, supra. The majority ignores this principle and relies solely upon appellant's pleadings and case in chief to determine whether the jury instruction was proper.

The majority concedes that instruction that the jury could return a verdict in favor of appellant even if appellee's automobile did not actually strike appellant is a correct statement of the law. E. g., *Niederman v. Brodsky*, 436 Pa. 401, 261 A.2d 84 (1970); *Thompson v. Gorman*, 366 Pa. 242, 77 A.2d 413 (1951). Since there was evidence, if believed by the jury, to support the jury's determination that appellee negligently injured appellant without actually striking him, the trial court properly instructed the jury. *Smith v. Clark*, supra.

I would reverse the Superior Court's grant of a new trial and reinstate the verdict.