Alerie J. LEAHY, Appellant,

v.

Gary McCLAIN, Appellee.

Superior Court of Pennsylvania.

Argued April 8, 1999.
Filed June 11, 1999

Edward A. Stern, Conshohocken, for appellant.

Adam A. Desipio, Norristown, for appellee.

Before HUDOCK, EAKIN and MUSMANNO, JJ.

HUDOCK, J.:

¶ 1 In this appeal we are asked to determine whether the sudden emergency doctrine is an affirmative defense that must be specifically pleaded in order to support a jury instruction. Valerie J. Leahy (Appellant) appeals from the judgment entered in favor of Gary McClain (Appellee) after a jury determined that Appellee was not negligent. Appellant argues on appeal that the trial court erred by charging the jury on the sudden emergency doctrine. In addition, Appellant asserts that the trial court committed error by sustaining the objection to her introduction of certain photographs at trial. We conclude that the sudden emergency doctrine need not be specifically pleaded and that the trial court did not otherwise commit an error of law. Thus, we affirm the judgment entered by the trial court.

¶ 2 This appeal stems from an automobile accident that occurred between the parties on January 26, 1994. Appellant was driving south on Butler Pike near the intersection of Township Line Road in Plymouth Meeting, Montgomery County, Pennsylvania. Both parties testified that it was a dark, snowy night with slippery road conditions. The area of Butler Pike on which Appellant was traveling is one lane in each direction. Travelling southbound, the road has a slightly downhill-grade which levels off briefly and then drastically slopes downward. This area also contains no street lights.

¶ 3 As Appellant passed the intersection of Butler Pike and Township Line Road, her car slid on the snow and became lodged in a snow bank on the right side of the road. Appellant testified that her car completely blocked the southbound lane of traffic. At this time, Appellee was also proceeding south on Butler Pike. Appellee testified that, due to the snow and the downward grade of the road, he did not see Appellant's car until moments before impact. Appellee testified that he "had an instant to decide whether to go left right or continue to go straight, and I continued to go straight so I wouldn't hit the cars on the left or trees to the right." N.T., 7/22/98, at 47–48.

¶ 4 Appellant initiated a suit against Appellee for negligence, claiming that she was injured in the accident. Appellee filed an answer and new matter that did not reference the sudden emergency doctrine. The jury returned a unanimous verdict for the Appellee, finding that he was not negligent. Appellant then filed a motion for post-trial relief. The trial court dismissed this motion. This appeal followed.

¶ 5 Appellant claims that the trial judge committed error by charging the jury on the sudden emergency doctrine where (1) the record reveals that Appellee failed to plead this doctrine in a responsive pleading and (2) the testimony given during the trial produced facts that did not support a jury charge on the doctrine. Appellant's first argument contains two separate allegations and will be addressed as such. We first address Appellant's argument that the sudden emergency doctrine is an affirmative defense that must be specifically pleaded under Pa.R.C.P. 1030 "New Matter" [1] and, if not specifically

---

1. **Pa.R.C.P. 1030. New Matter**

    **(a)** Except as provided by subdivision (b), all affirmative defenses including but not limited to the defenses of accord and satisfaction, arbitration and award, consent, discharge in bankruptcy, duress, estoppel, failure of consideration, fair comment, fraud, illegality, immunity from suit, impossibility

pleaded, is waived under Pa.R.C.P. 1032 "Waiver of Defenses."[2] The trial court concluded that the sudden emergency doctrine need not be specifically pleaded. We agree.

¶ 6 In reaching its conclusion, the trial court looked to *McCauley v. Haight*, 46 D. & C.3d 666 (Pa.Com.Pl.1986) for guidance. The trial court noted, "In *McCauley*, the Common Pleas Court found that while the doctrine is not an affirmative defense, it is most similar to [the doctrines of] contributory negligence or assumption of the risk. Therefore, it *may* be asserted in New Matter, but in accord with Pa.R.C.P. 1030(b), it need not be pleaded." Trial Court Opinion, 11/27/98, at 8.

¶ 7 The trial court's logic for its conclusion that the sudden emergency doctrine is not an affirmative defense that needs to be specifically pleaded is as follows:

New Matter under Pa.R.C.P. 1030 is in the nature of the common law plea of confession and avoidance. New Matter may be defined as matter which, taking all of the allegations of the complaint to be true, is nevertheless a defense to an action. *Sechler v. Ensign–Bickford Co.*, [469 A.2d 233, 469 A.2d 233 (1983) ]. In contrast, a specific denial merely tells what happened in place of an averment of an adverse party which is denied. *Id.* By its nature, the Sudden Emergency Doctrine is a denial rather than an avoidance. In the present case [Appellant] denies that he was negligent as alleged by [Appellee] in her Complaint. [Appellant] does not accept the allega-

tions of negligence to be true and then offer the Sudden Emergency Doctrine as a defense to avoid liability. Rather, [Appellant] specifically denies the allegations of negligence and offers the Sudden Emergency Doctrine as an explanation of what happened.

*Id.*

■ ¶ 8 In analyzing whether the trial court was correct in determining that the sudden emergency doctrine is not an affirmative defense, we must first begin with the language of the doctrine itself. The Pennsylvania Supreme Court has characterized the sudden emergency doctrine as follows:

The sudden emergency doctrine . . . is available as a defense to a party who suddenly and unexpectedly finds him or herself confronted with a perilous situation which permits little or no opportunity to apprehend the situation and act accordingly. The sudden emergency doctrine is frequently employed in motor vehicle accident cases wherein a driver was confronted with a perilous situation requiring a quick response in order to avoid a collision. The rule provides generally, that an individual will not be held to the "usual degree of care" or be required to exercise his or her "best judgment" when confronted with a sudden and unexpected position of peril created in whole or in part by someone other than the person claiming protection under the doctrine. The rule recognizes that a driver who, although driving in a

of performance, justification, laches, license, payment, privilege, release, res judicata, statute of frauds, statute of limitations, truth and waiver shall be pleaded in a responsive pleading under the heading "New Matter". A party may set forth as new matter any other material facts which are not merely denials of the averments of that preceding pleading.

(b) The affirmative defenses of assumption of the risk, comparative negligence and contributory negligence need not be pleaded.

2. **Pa.R.C.P. 1032. Waiver of Defenses. Exceptions. Suggestion of Lack of Subject Matter Jurisdiction or Failure to Join Indispensable Party**

(a) A party waives all defenses and objections which are not presented either by preliminary objection, answer or reply, except a defense which is not required to be pleaded under Rule 1030(b), the defense of failure to state a claim upon which relief can be granted, the defense of failure to join an indispensable party, the objection of failure to state a legal defense to a claim and any other nonwaivable defense or objection.

prudent manner, is confronted with a sudden or unexpected event which leaves little or no time to apprehend a situation and act accordingly should not be subject to liability simply because another perhaps more prudent course of action was available. Rather, under such circumstances, a person is required to exhibit only an honest exercise of judgment. The purpose behind the rule is clear: a person confronted with a sudden and unforeseeable occurrence, because of the shortness of time in which to react, should not be held to the same standard of care as someone confronted with a foreseeable occurrence. It is important to recognize, however, that a person cannot avail himself of the protection of this doctrine if that person was himself driving carelessly or recklessly.

*Lockhart v. List*, 542 Pa. 141, 150–51, 665 A.2d 1176, 1180 (1995) (citations omitted). This passage from *Lockhart* clearly indicates that the sudden emergency doctrine is not intended to be used as an affirmative defense. Rather, the sudden emergency doctrine relates to the standard of conduct to be applied under specific circumstances. As the *Lockhart* court noted, "a person confronted with a sudden and **unforeseeable** occurrence, because of the shortness of time in which to react, should not be held to the same standard of care as someone confronted with a **foreseeable** occurrence." *Id.* (emphasis added). A person confronted with such circumstances is judged with respect to whether that person acted reasonably under the circumstances (i.e. an emergency).

¶ 9  The conclusion that the sudden emergency doctrine relates to the standard of conduct when adjudging negligence also gains support from the RESTATEMENT (SECOND) OF TORTS. In section 296 of the RESTATEMENT (SECOND), "Emergency" is discussed. The RESTATEMENT defines "Emergency" as:

(1) In determining whether conduct is negligent toward another, the fact that the actor is confronted with a sudden emergency which requires rapid decision is a factor in determining the reasonable character of his choice of action. . . .

Comment:

\* \* \*

(b) The rule stated in Subsection (1) is a special application of the rule stated in § 283 that "unless the actor is a child the standard of conduct to which he must conform is that of a reasonable man under like circumstances." Among the circumstances which must be taken into account is the fact that the actor is confronted with such an emergency as is described in this Section. The law does not require of the actor more than it is reasonable to expect of him under the circumstances which surround him. Therefore, the court and the jury in determining the propriety of the actor's conduct must take into account the fact that he is in a position where he must make a speedy decision between alternative courses of action and that, therefore, he has no time to make an accurate forecast as to the effect of his choice. The mere fact that his choice is unfortunate does not make it improper even though it is one which the actor should not have made had he had sufficient time to consider all the effects likely to follow his action.

RESTATEMENT (SECOND) OF TORTS § 296(1), cmt. b (1965). This section of the RESTATEMENT is contained under the topic entitled "Determination of Standard of Conduct." Thus, the language of the RESTATEMENT is further evidence that the sudden emergency doctrine is a principle that applies to an actor's standard of conduct in a particular situation. As noted above, it is the province of the court and the jury to look at the circumstances surrounding an actor's conduct and decide whether he or she acted reasonably. Thus, the emergency does not act as a defense *per se* but merely a factor in determining the reasonableness of the actor's conduct.

¶ 10 Although the Supreme Court in *Lockhart* stated that the sudden emergency doctrine "is available as a defense to a party," their underlying explanation of the doctrine closely follows the language of the RESTATEMENT. *Lockhart*, 542 Pa. at 150, 665 A.2d at 1180. The Court in *Lockhart* stated: "The rule provides generally, that an individual will not be held to the 'usual degree of care' or be required to exercise his or her 'best judgment' when confronted with a sudden and unexpected position of peril created in whole or in part by someone other than the person claiming protection under the doctrine." *Id.* The RESTATEMENT uses language to the effect that "the court and jury in determining the propriety of the actor's conduct must take into account the fact that he is in a position where he must make a speedy decision between alternative courses of action and that, therefore, he has no time to make an accurate forecast as to the effect of his choice. The mere fact that his choice is unfortunate does not make it improper even though it is one which the actor should not have made had he had sufficient time to consider all the effects likely to follow his action." RESTATEMENT (SECOND) OF TORTS § 296(1), cmt. b, *supra.* Both *Lockhart* and the RESTATEMENT hinge on the fact that an actor confronted with an unforeseeable emergency will not be held to the usual standard of care when adjudging negligence. The actor's conduct will be judged in terms of reasonableness under the circumstances. Among the circumstances that must be taken into account is the fact the actor is confronted with a sudden emergency that requires rapid decision. *Id.* Thus, *Lockhart's* reference to the term "defense" cannot be interpreted in the same sense as "affirmative defense." Rather, it leaves us with no doubt that the Supreme Court's characterization of the sudden emergency doctrine applies to analyzing whether a person was negligent under specific circumstances and not to whether the emergency constitutes a defense exculpating the actor for negligent acts.

¶ 11 We now turn to the latter contention of Appellant's first argument that the testimony given at trial did not support a jury charge on the doctrine of sudden emergency. Appellant relies on the case of *Hrivnak v. Perrone*, 231 Pa.Super. 151, 331 A.2d 507 (1974), *aff'd*, 472 Pa. 348, 372 A.2d 730 (1977), to support this argument. Appellant specifically cites to *Hrivnak* for the proposition that instructions given to a jury must be confined to the issues raised in the pleadings and the facts developed by the evidence in support of such issues. *Hrivnak*, 331 A.2d at 508–509. Also, where a particular issue is not raised by the pleadings, the fact that evidence on that issue has been received without an objection does not authorize an instruction by the court on that issue. *Id.* Appellant claims that since Appellee did not plead the sudden emergency doctrine in new matter, that it was improper for the jury to be charged on the doctrine. Given our conclusion on Appellant's first contention that the sudden emergency doctrine is not an affirmative defense that must be pleaded to be invoked, Appellant's second contention, that since the sudden emergency doctrine was not placed in the pleadings it cannot be invoked, holds no merit. Thus, Appellant's reliance on *Hrivnak* is misplaced.

¶ 12 Appellant also maintains that no proof was presented on the theory of sudden emergency at trial. We find otherwise. Both parties in this case presented evidence to support a jury instruction on the sudden emergency doctrine. Both parties testified that it was a dark, snowy night with slippery road conditions. There was also testimony that visibility was limited. Although conflicting testimony was presented with regards as to how far away the parties were before they saw each other, undisputed testimony established that the visibility was limited. Appellant also testified that her car blocked the road to the point that a car would have had to enter the northbound lane to maneuver around her. Appellee testified that:

As I come to the crest, I start to accelerate, and as I come over, there is this car parked perpendicular in the direction that I am going. To the right is trees [sic] and to the left there are cars coming the other way. And I had an instant to decide whether to go left, right or continue to go straight, and I continued to go straight so I wouldn't hit the cars on the left or the trees to the right. N.T., 7/22/98, at 47–48. This testimony provided sufficient evidence for the jury to find that the Appellee was confronted with a perilous situation that permitted little or no opportunity to apprehend the situation and act accordingly. Thus, we find that the trial judge properly instructed the jury on the sudden emergency doctrine.

¶ 13 Appellant's final issue raised in this appeal is whether the trial judge committed error by sustaining Appellee's objection to Appellant's introduction of photographs depicting the accident scene on the sole basis that the photographs were not provided to Appellee during discovery. However, this statement is incomplete. The trial court stated that it excluded this evidence because Appellant "failed to produce such exhibits during discovery *and* the probative value of such exhibits was outweighed by their prejudicial effect." Trial Court Opinion, 11/27/98, at 3 (emphasis added). Since the trial court excluded the evidence on two independent grounds, we must look at each individually to determine if the exclusion was proper.

¶ 14 Turning first to exclusion on the basis that Appellant failed to provide the photographs in discovery, we need look no further than the Pennsylvania Rules of Civil Procedure. Rule 4007.4 places a party under a duty to amend a prior responsive pleading if that party obtains information upon the basis of which he knows that the response, though correct when made, is no longer true. Moreover, Rule 4019 states that the court may prohibit introduction of designated evidence at trial if a party fails to make proper discovery or to obey an order of court respecting discov-

ery. "Prior to trial [Appellee] served [Appellant] with interrogatories and a Request for Production of Documents, specifically asking for information about and production of photographs and trial exhibits. These discovery requests were continuing in nature." Trial Court Opinion, 11/27/98, at 4.

■ ¶ 15 Appellant failed to comply with these discovery requests. Appellant was required to amend her response to the interrogatories and request for production of documents when she came into possession of any new material that was not included in her previous response. However, Appellant failed to do so. Thus, since Appellant failed to comply with the continuing discovery requests, the trial court properly excluded the photographs from being introduced at trial.

■ ¶ 16 We also will look at whether the trial court's ruling that the evidence's probative value was outweighed by its prejudicial effect was proper.

The trial judge has broad discretion regarding the admission of potentially misleading or confusing evidence. Relevant evidence may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice or confusion. The function of the trial court is to balance the alleged prejudicial effect of the evidence against its probative value, and it is not for an appellate court to usurp that function. Prejudice, for purposes of this rule, does not mean detrimental to a party's case, but rather, an undue tendency to suggest a decision on an improper basis.

*Sprague*, 656 A.2d at 909 (citations and internal quotation marks omitted). Regarding the admissibility of these photos, the trial court stated the following:

[The Appellant] offered photographs "P–1" and "P–2" to depict the scene of the accident and the topography of the road. Both parties agreed that the motor vehicle accident occurred at night, on a dark road with no streetlights, in January,

during a snowstorm. However, the photographs offered into evidence by [Appellant] were taken during the daytime in July when the roads were dry. Both parties also testified that visibility was limited to the distance from the witness stand to the back of the courtroom. It is much easier to see a further distance in the photographs since they were taken in daylight and visibility is not diminished by darkness or by falling snow. To introduce these photographs would be misleading to the jury since the photographs contradict court testimony by both parties. Due to their misleading nature, the exhibits would be highly prejudicial to the [Appellee].

Trial Court Opinion, 11/27/98, at 5. In general, " '[q]uestions concerning the admission and exclusion of evidence are within the sound discretion of the trial court and will not be reversed on appeal absent an abuse of discretion.' " *Peled v. Meridian Bank,* 710 A.2d 620, 625 (Pa.Super.1998)(quoting *Moran v. G. & W.H. Corson, Inc.,* 402 Pa.Super. 101, 586 A.2d 416, 428 (1991)). Thus, we must look to see if the trial court abused its discretion. We agree with the trial court's characterization of the evidence sought to be admitted. As noted, visibility was diminished due to the darkness and falling snow at the time of the accident. To admit a photograph taken on a clear sunny day where visibility is at an optimum would serve no purpose but to mislead the jury, thus causing prejudice to Appellee by allowing the jury to render a decision on an improper basis. Therefore, we find that the trial court properly excluded the evidence and thus did not abuse its discretion.

¶ 17 Judgment affirmed.