Maselli et al. *v.* Stephens, Appellant.

Argued April 20, 1938. Before KEPHART, C. J., SCHAFFER, MAXEY, DREW, LINN, STERN and BARNES, JJ.

*John B. Martin,* with him *Duane, Morris & Heckscher,* for appellant.

*Arthur S. Arnold,* for appellee.

OPINION BY MR. JUSTICE BARNES, June 30, 1938:

This is a case where a pedestrian was injured by an automobile while crossing at an intersection. Defendant appeals from the judgments entered upon verdicts against him, following the refusal of the court below to

grant his motion for judgment non obstante veredicto, or to order a new trial.

The accident happened on February 6, 1936, sometime between 5:30 and 7 o'clock p. m. at the intersection of Bywood Avenue and Spruce Street, in Upper Darby Township, Delaware County. Bywood Avenue extends east and west, and at this point is thirty-six feet in width. In its center there is a twenty foot strip of macadam, with gravel shoulders seven feet wide on the north side, and nine feet wide on the south side. Spruce Street intersects Bywood Avenue at right angles and is about twenty-four feet wide. When the accident occurred the road was clear of snow or ice, but there were ice banks on both sides of the Avenue, except for cleared spaces at the street crossings.

The wife-plaintiff was walking along the west side of Spruce Street, and when she reached Bywood Avenue she started to cross from the south to the north side. She testified that before stepping onto the cartway, she looked to the east along Bywood Avenue and saw no traffic approaching, and again after taking three or four steps, as she was about to enter upon the macadam portion of the street, she looked in both directions with the same result. When she reached the center of the Avenue, she continued to look to the east and to the west, watching for automobiles, and when she was about to step upon the north curb of the Avenue, she was struck by defendant's automobile. She was dragged a distance of forty to fifty feet. It appears that at the center of Bywood Avenue her view to the east extended only three hundred feet, where it was cut off by a curve in the roadway. While it was dark at the time of the accident, there was an overhanging electric light upon the southeast corner of the intersection, which afforded illumination at the crossing.

According to defendant's testimony he was driving west on Bywood Avenue, somewhat to the right of the center of the road, at a speed of twenty-five miles an

hour, which he did not check as he entered the intersection with Spruce Street. He states that his car was about five to eight feet within the crossing when he first noticed that plaintiff was about ten or fifteen feet in front of his headlights. He immediately applied his brakes, but before he could bring his car to a stop he struck plaintiff, who was knocked to the side of the car into a sitting position, while he went about twenty feet beyond the place of impact. The dimmed headlights of the automobile were on at the time, which lighted the roadway about thirty feet ahead of him.

It appears from the medical testimony that the wife-plaintiff was permanently injured. She sustained a fracture of the right ankle, which will cause her always to walk with lameness. She instituted this suit to recover damages for the injuries so suffered, and the husband-plaintiff sued for reimbursement of his expenditures and the loss of his wife's services.

The case was submitted to the jury principally upon the question whether the wife-plaintiff was guilty of contributory negligence. The defendant complains that the trial judge should not have refused his request for instructions reading as follows: "A driver of a vehicle is not bound to anticipate unexpected acts of persons not in their path of travel placing themselves there."

There is no testimony in the record to support his assertion that plaintiff stepped into the path of his oncoming automobile. On the contrary, the defendant admits that he failed to see plaintiff until she was well within the intersection, and past the macadam portion of the highway. If he had been on the alert and had exercised the degree of care required of motorists at intersections, he would have observed her presence there in sufficient time to avoid striking her. The fact that he failed to see her at any time until she appeared immediately in front of his car, and that he had entered upon the intersection without reducing speed, although it was

dark and his vision was restricted to a range of thirty feet ahead, convince us that not only did he fail to approach the crossing with the necessary watchfulness, but that he showed a reckless disregard for the safety of pedestrians lawfully upon the crossing.

A pedestrian has the right of way at intersections. His presence there is to be anticipated. An operator of an automobile who injures a pedestrian lawfully within an intersection, because of failure to exercise the degree of vigilance necessary to avoid doing so, is guilty of negligence: *Newman v. Protective M. S. Co.,* 298 Pa. 509; *Rhoads v. Herbert,* 298 Pa. 522; *Smith v. Wistar,* 327 Pa. 419.

Complaint is made by the defendant that in submitting to the jury the question whether the wife-plaintiff was contributorily negligent, the trial judge commented unfairly upon the evidence. He urges that he took away from the jury the issue of contributory negligence when he said: ". . . since she [the wife-plaintiff] committed herself to the crossing and was almost all the way across when she was hit, there would seem as if there was no doubt she was hit as a result of the defendant's negligence and not her own negligence; and if you should believe her story, you should find a verdict for her." While it was for the jury to decide whether or not plaintiff was guilty of contributory negligence, and, standing alone, it might appear that this portion of the charge goes further than was necessary, nevertheless it contains, as defendant admits, a fair statement of applicable legal principles, and when read in connection with the charge as an entirety, we are satisfied that no harm was done to the defendant.

Reviewing the evidence in the light most favorable to the plaintiff, we are bound to say that there is nothing in the record to indicate a lack of care or caution upon her part. She started to cross the intersection when there were no automobiles in view, and had almost reached the north curb of Bywood Avenue before she

saw the reflection upon the roadway from the headlights of the automobile. She then ran the last few steps in an attempt to reach the curb but was struck by the car before she could do so. Defendant contends she should have stood still, or stepped back from the machine, rather than to try to complete the crossing. Under the decisions of this Court it is not required that she choose what might have been a safer course, nor to exercise the best judgment whether she should advance, retreat or stand still in an emergency which she did not create: Restatement, Torts, Section 470; *Mulheirn v. Brown,* 322 Pa. 171. Under the circumstances she was justified in believing that the longer she remained in the roadway the greater was her peril. The jury could therefore fairly infer from the evidence that the defendant's automobile was proceeding into the crossing at such speed that plaintiff, no matter how careful, could not have escaped the accident.

Clearly this was a case for the jury. The facts here are almost parallel with those of *Smith v. Wistar,* supra, where we sustained a verdict in favor of the plaintiff. We see no reason here to disturb the determination of the jury upon the factual questions presented to them, and conclude that the court below properly refused to enter judgment n. o. v. in favor of the defendant.

The defendant also urges that the verdicts are excessive, and justify a new trial on that ground. It does not seem to us that they are "so grossly excessive as to shock our sense of justice and to indicate a clear abuse of discretion on the part of the court below": *Knobeloch v. Pgh. H. B. & N. C. Ry. Co.,* 266 Pa. 140; *Brown v. Castle Shannon Boro.,* 318 Pa. 363; *Cook v. Miller Transport Co., Inc.,* 319 Pa. 85. In view of the permanency of the injury sustained by the wife-plaintiff, and the expenses to which the husband has already been subjected, and will be compelled to undergo in the future, we feel that the verdicts should not be disturbed.

Judgments affirmed.