## Rutovitsky v. Magliocco, Appellant.

Argued November 18, 1958.   Before Jones, C. J., Bell, Musmanno, Jones, Cohen and Bok, JJ.

*Robert J. Spiegel,* with him *Gratz, Sperling & Fitz-gerald,* for appellant.

*Avram G. Adler,* with him *Freedman, Landy and Lorry,* for appellee.

OPINION BY MR. JUSTICE BOK, January 5, 1959:

The plaintiff, appellee, has a verdict for personal injuries. The questions raised by motions for a new trial and for judgment n.o.v. are the plaintiff's contributory negligence and the lack of defendant's negligence.

The facts, established by the verdict most favorably to the plaintiff, are these:

He was returning home on foot from a personal errand. He is a small man and was seventy-two years old at the time of the accident. He reached the crosswalk at the northwest corner of two Philadelphia streets, Ninth and Shunk, and was facing east in order to cross Ninth on the north side of Shunk. His home was half a block away on a small street intermediate between Eighth and Ninth, and a house or two north of Shunk. Both streets carried one-way traffic: Ninth northward and Shunk westward. Cars were parked solidly on all eight sides of the intersecting streets. Shunk is thirty-four feet wide and Ninth twenty-six, both having sidewalks twelve feet wide. The only traffic control was a stop sign on Shunk Street for westbound traffic. The accident happened at noon of a clear, dry day late in April.

Plaintiff, at the curb, looked to the south, saw nothing coming, and remembered no more until he awakened in the hospital six hours later. This entitled him to the presumption that he used due care. In *Grgona v. Rushton*, 174 Pa. Superior Ct. 417 (1953), the Court said: "Furthermore, since the plaintiff testified that he remembered nothing from the time he stepped onto Chester Road on August 21, 1950 until he regained consciousness in a hospital some 14 days later, he was entitled to the presumption that he did all the law required him to do and was not contributorily negligent. Heaps v. Southern Pa. Traction Co., 276 Pa. 551, 120 A. 548. Such presumption 'is overcome, so as to render the question of contributory negligence a matter of law, only where undisputed testimony and the inferences drawn from it point to only one conclusion. . . .'" (p. 421)

See also *Claypool v. Schrecengost*, 181 Pa. Superior Ct. 1 (1956); *Auel v. White*, 389 Pa. 208 (1957).

Although the presumption is rebuttable, the jury did not credit the defendant's version of the accident.

Plaintiff depends largely upon circumstantial evidence. In *Fries v. Ritter*, 381 Pa. 470 (1955), this Court said: "It is not necessary to prove the accident by eye witnesses, but where circumstantial evidence is relied upon to prove negligence the evidence must be such as to enable the jury to conclude—not by conjecture or guess but—as a reasonable and legitimate inference that the accident was caused by the negligence of the defendant. . . ."

See also *Ebersole v. Beistline*, 368 Pa. 12 (1951); *Connor v. Hawk*, 387 Pa. 480 (1957); *Layman v. Gearhart*, 389 Pa. 187 (1957).

He is also entitled to the benefit of every fact and inference that can reasonably be deduced from the evi-

dence, because of the verdict: *Finnin v. Neubert*, 378 Pa. 40 (1954).

Skid marks were found in the intersection twenty-seven feet long. They began at a point nine feet south of the north curb of Shunk Street and ten feet east of the west curb of Ninth Street. They ran parallel and straight. Because the wheelbase of defendant's car was ten feet two inches and so created this much overlap, the car skidded a distance of two inches less than seventeen feet. The marks ended six feet north of the twelve-foot sidewalk, and the front bumper was two feet ten inches beyond that, due to the overhang forward of the front wheels. There was a blood spot in Ninth Street eight feet east of the west curb and twelve feet north of the end of the skid marks. Plaintiff was found lying about ten feet in front of the car and had dust and dirt on him.

Brush marks were found on the left side of the front bumper and a hand mark on the right side of the ornament on the hood.

A police officer testified that in his experience a car skidding twenty-seven feet overall would have been travelling at fifteen to twenty miles per hour. He added that at fifteen miles a car moves twenty-two feet per second and at twenty miles it moves twenty-nine feet per second. A driver would need one second in which to react and brake.

The jury could properly infer that after plaintiff looked for traffic and saw none he started for his home by crossing Ninth Street at the crosswalk, where he had the right of way and where defendant's legal burden was at maximum: *Fidelity-Philadelphia Trust Co., Executor v. Staats*, 358 Pa. 344 (1948); *Goodall v. Hess*, 315 Pa. 289 (1934). He walked to a point close to halfway across the street when he was hit, and tried to protect himself by putting his hand on the car. He

was knocked some distance north along Ninth Street between the parked cars.

While plaintiff walked toward the center of Ninth Street, defendant traveled toward him at a rate of from twenty-two to twenty-nine feet per second. At an average rate of walk the jury could infer that defendant was far enough away to see plaintiff and take precautions to avoid him. Judging from where the skid marks began and the distance defendant traveled during a second of reaction time, it follows that defendant must have entered the intersection and then seen plaintiff too late to avoid hitting him. From this the jury could deduce negligence, since they could also find that defendant's car had not entered the intersection when plaintiff looked for it before leaving the curb. If the tunnel formed by the parked cars on Ninth Street south of Shunk hid the defendant's car from plaintiff's view, this was another circumstance for the jury.

Factually the case resembles *Atkinson v. Coskey,* 354 Pa. 297 (1946); *Fidelity-Philadelphia Trust Co., Executor v. Staats,* supra (358 Pa. 344 (1948)); and *Martin v. Statler,* 370 Pa. 293 (1952).

There was no error.

The judgment is affirmed.