Sweigert *v.* Mazer, Appellant.

72

Argued November 26, 1962. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN and O'BRIEN, JJ.

reargument refused March 20, 1963.

*Joseph X. Heincer,* with him *Robert C. Kitchen,* for appellant.

*J. Paul Erwin, Jr.,* with him *George E. Beechwood,* and *Beechwood and Lovitt,* for appellee.

OPINION BY MR. JUSTICE BENJAMIN R. JONES, January 21, 1963:

The primary issue presented herein is whether Earle W. Sweigert, the plaintiff in this trespass action, was guilty of contributory negligence as a matter of law so as to compel the grant of a judgment n.o.v.

At approximately 1:00 p.m. on July 11, 1957—a clear day with visibility good—Sweigert parked his

automobile along the west curb of 15th Street in Phila-
delphia and crossed 15th Street from west to east to
enter a fruit store located approximately opposite the
parked Sweigert automobile.  15th Street runs gen-
erally north-south and is approximately 36 feet in
width with—*at that time*—one set of streetcar tracks
the easternmost rail of which was twenty-four feet
from the east curb.  At the time of the accident, 15th
Street was a one-way street for southbound vehicular
traffic.  There were no cars parked on the east side of
15th Street northward toward Market Street which in-
tersects 15th Street at right angles and runs generally
east and west; on the west side of 15th Street was
Sweigert's automobile.

After Sweigert left the fruit store he proceeded to
cross from east to west on 15th Street en route to his
automobile.  At the point where Sweigert proceeded to
cross there was no regular pedestrian crossing and
Market Street was 80 to 90 feet to the north.  Sweigert
testified that at the east curb he looked north toward
Market Street—the direction from which any vehicular
traffic might be anticipated—and "there was no traf-
fic nearer than Market Street, when [he] started to
cross the street."  Sweigert further stated that he con-
tinued to look north as he crossed the street and first
saw the automobile owned and operated by George
Mazer when it was "one or two car lengths" from him
at which time he jumped back trying to avoid being
struck and was struck.  Sweigert had almost reached
the middle of 15th Street when he was struck by the
left front fender of Mazer's car.

Sweigert instituted an action of trespass against
Mazer in Court of Common Pleas No. 2 of Philadel-
phia County and, after a trial before a court and jury,
a verdict was returned in favor of Sweigert and against
Mazer in the amount of $9,000.  Mazer's motion for
judgment n.o.v. having been dismissed, judgment was

entered upon the verdict and from that judgment this appeal was taken.

Certain principles in this area of the law are well established: (1) "in considering a motion for entry of judgment against the verdict winner, the latter is entitled to the benefit of every favorable fact and inference fairly deducible therefrom": *Holton v. Gibson*, 402 Pa. 37, 42, 166 A. 2d 4; *Gatens v. Vrabel*, 393 Pa. 155, 158, 142 A. 2d 287; *Lopez v. Gukenback*, 391 Pa. 359, 361, 137 A. 2d 771; (2) a pedestrian crossing a street between intersections is held to a higher degree of care than at street intersections: *Gatens v. Vrabel*, supra, p. 159, and cases therein cited; (3) a pedestrian, particularly one crossing between intersections, must not only look but continue to look as he crosses the street, otherwise he will be chargeable with negligence: *Gatens v. Vrabel*, supra, p. 159 and cases therein cited; (4) "contributory negligence as a matter of law should be declared only in a very clear case and only where the evidence of such is so clear and palpable that there is no room for fair and sensible men to differ in their conclusions as to its existence": *Dougherty v. Philadelphia National Bank*, 408 Pa. 342, 344, 184 A. 2d 238; *Holton v. Gibson*, supra, 42.

Viewed in the light most favorable to Sweigert, he stopped at the east curb of 15th Street and looked north toward Market Street from which, due to the absence of any parked cars, he had an unobstructed, clear and unimpeded view of not only 80 to 90 feet to Market Street but far beyond Market Street and he saw neither Mazer's automobile or any other vehicle proceeding south on 15th Street. He then proceeded across the street, still continuing to look to the north, and reached a point approximately the middle of 15th Street—*18 feet from the east curb*—when he saw one to two car lengths from him the oncoming Mazer automobile. There is no evidence whether the Mazer auto-

mobile—proceeding at 20 to 25 miles an hour—had turned into 15th Street from Market Street or proceeded on 15th Street directly across Market Street. Assuming the former as more favorable to Sweigert, the Mazer automobile was in full view of an attentive person crossing 15th Street for a distance of 80 to 90 feet.

Neither *Gatens,* supra, nor *Gordon v. Wismer,* 400 Pa. 492, 162 A. 2d 194, are apposite in the present situation. In *Gatens,* supra, the plaintiff was struck *immediately* upon his entrance into the cartway and had not traversed any part of the highway when he was struck. In *Gordon,* supra, the pedestrian was crossing at a point where there was an established pedestrian crossing, a fact known to the defendant; in *Gordon,* the street was a two-way, not a one-way, street; in *Gordon,* the duty was higher on the motorist and less on the pedestrian.

More analogous to the situation presented in the case at bar is *Auel v. White,* 389 Pa. 208, 132 A. 2d 350.[1] In *Auel,* supra,—at nighttime—the plaintiff was engaged in crossing from south to north a 45 foot four lane two-way highway running in an east-west direction; after the plaintiff had crossed approximately 24½ feet of the highway he was struck by defendant's westward bound car; there was nothing to show that the view of plaintiff in the direction from which the defendant's automobile approached was in any manner obstructed; in addition, since as a result of the accident plaintiff was rendered mentally incompetent, the plaintiff was entitled to the rebuttable presumption that he did all that he was required to do and was not guilty of contributory negligence. This Court held in *Auel* that the plaintiff if he had looked could have

---

[1] Sweigert implies that *Auel,* supra, has been overruled by *Gordon,* supra. Such is not the case.

averted the danger and thus was guilty of contributory negligence as a matter of law. The Court stated (pp. 215, 216) : "Since the undisputed testimony for plaintiff disclosed that he was struck just as he crossed the center line he must have, or at least should have seen the defendant's vehicle approaching. There was nothing to show that plaintiff's view was in any way obscured, and, therefore, he was bound to see that which must have been plainly visible at the time it became his duty to look. *The inference is unavoidable that if plaintiff had looked he could have averted the danger.* No other reasonable conclusion can be drawn from the testimony presented in plaintiff's case. If he failed to look he was negligent and if he looked he must have seen defendant's moving vehicle and in stepping in front of it or into it was equally negligent. What was said in Dando v. Brobst, 318 Pa. 325, 327, 177 A. 831, is apposite here: '. . . plaintiff must inevitably have seen the car if she had looked, and if she saw nothing she could not have been looking. As we have repeatedly pointed out, it is vain for a person to say he looked when, in spite of what his eyes must have told him, he moved into the path of an approaching car or train by which he was immediately struck.' (citing cases)." (Emphasis supplied)

The distinction between *Cardiff v. Updegrave,* 409 Pa. 535, 187 A. 2d 644, and the case at bar clearly appears from an examination of the factual situation in both cases. In *Cardiff,* the highway being negotiated was a two way street whereas in the case at bar the street was a one way street requiring a concentration of the pedestrian's attention primarily in the one direction; in *Cardiff* the pedestrian was carrying an umbrella and leading a dog on a leash whereas the instant pedestrian was not so encumbered; in *Cardiff,* in the direction from which the motor vehicle approached there was the crest of a hill which could have obstructed the

pedestrian's view whereas in the instant case there was no such obstruction; in *Cardiff*, the pedestrian had crossed all but eight inches of the highway whereas in the case at bar the pedestrian had barely crossed to the middle of highway when struck. The facts present in the case at bar emphatically indicate that Sweigert "walked into the path of" Mazer's vehicle whereas in *Cardiff* the point of impact completely negatives any supposition that the pedestrian "walked into the path of" Updegrave's vehicle.

The language of this Court in *Gatens*, supra, is particularly applicable in the instant situation: "His failure to observe appellee's motor vehicle not only is unexplained but inexplicable." (p. 160) With an unobstructed and unimpeded view in the direction from which the Mazer automobile approached, at 20 to 25 miles per hour, Sweigert's failure to observe the Mazer automobile until it was within "one to two car lengths" from him was due either to Sweigert's own failure to look or in looking and failing to observe that which was clearly within the range of his vision. In either event, Sweigert has presented a case which clearly shows that he is guilty of contributory negligence as a matter of law.

Judgment reversed and judgment n.o.v. granted.

Mr. Justice EAGEN dissents.