Cardiff *v.* Updegrave, Appellant.

Argued November 15, 1962. Before BELL, C. J., MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and KEIM, JJ.

*Howard M. Girsh,* with him *Manuel Steinberg,* for appellant.

*John J. O'Brien, Jr.,* for appellee.

OPINION BY MR. JUSTICE MUSMANNO, January 21, 1963:

On July 20, 1959, Mrs. Agnes Cardiff, 77 years of age, having finished a walk in a park close to her home, started across East Olney Avenue in Philadelphia, carrying in one hand an umbrella and holding with the other a leash, at the end of which was attached a boxer dog which she was leading and which also was helping her across the street to her home on the south side of the thoroughfare. While making this passage she was struck by a car being driven by Ronald M. Updegrave, defendant in this case, sustaining serious injuries. She brought suit against Ronald Updegrave and in the ensuing trial the jury returned a verdict in her favor in the sum of $9,000. The defendant seeks judgment

n.o.v., arguing that Mrs. Cardiff was guilty of contribu·tory negligence because she crossed between street intersections and she failed to look in the direction from which the defendant's automobile approached her.

The fact, alone, that the plaintiff crossed between intersections does not convict her of contributory negligence as a matter of law. In *Nugent v. Joerger,* 387 Pa. 330, 332, this Court said: "The tempo of the twentieth century being what it is, the law recognizes that a pedestrian is entitled to cross in the middle of a block in order to gain a few seconds' time which will hasten him on to his destination. However, some limitations are placed on that permitted acceleration of pace. He may not cross without observing certain rules which generally have proved efficacious in saving foot passengers from automobilists, who, in hurrying to meet a destiny of their own, might ignore human beings in the path before them. Whether, and to what extent, a pedestrian and an automobilist obey the rules which, in a double adherence, would skirt every danger and avert collision, *is a question of fact* for the jury to decide." (Emphasis supplied)

In the absence of conspicuous and vivid circumstances of peril which do not exist in this case, the jury determines whether one, failing to use an established pedestrian crossing, undertakes a risk so palpable that he or she will not be allowed to recover despite the negligence of the defendant.

The lower court in refusing judgment n.o.v. said: "Clarkson Street forms a bisection with the North side of East Olney Avenue. Accordingly, one crossing Olney Avenue from the park does not have a well defined path as at an intersection."

To the right of the plaintiff, as she proceeded to her home, East Olney Avenue ascends to a crest, beyond which a car approaching from the west is invisible. The crest was about 100 feet away from the line taken

by Mrs. Cardiff in crossing the street. Mrs. Cardiff testified that while in the street she looked to the right and to the left and had reached a point only 8 inches from the southern curb when the defendant's car struck her. The defendant in this appeal advances the familiar argument that: "It is vain for a person to say he looked when, in spite of what his eyes and ears must have told him, he walked into the path of an approaching vehicle."

The record does not warrant the statement that Mrs. Cardiff "walked into the path of an approaching vehicle." When a pedestrian crosses a street, looking to both right and left, he cannot, like the King of Diamonds, look in both directions simultaneously. In the physical act of surveying the scene at his left the right side blacks out, and when he directs his attention to the right, the left does not exist visually. It could well be that when Mrs. Cardiff looked to her right the car was beyond the crest, and then when she was looking to the left the car came into the scene.

There were automobiles parked on the southern side of the street. The plaintiff was encumbered by an umbrella and a dog on a leash. In the face of all these physical obstacles it cannot be said that as a matter of law she was guilty of contributory negligence.

It is true that when one makes his own path across a street, ignoring regular crosswalks, he is held to a higher degree of care than one who adheres to the conventional and accepted crossings. This rule has no application, however, if the pedestrian "has been on the highway a sufficient period of time for the motorist to see him and act to avoid striking him." *Brown v. Jones,* 404 Pa. 513, 518.

The record clearly supports the conclusion that Mrs. Cardiff was committed to the crossing of East Olney Avenue for a sufficient period of time for Updegrave not only to have seen her but, by the exercise of ordi-

nary care, to have avoided striking her. The fact that she was only 8 inches away from a complete negotiation of the crossing amply demonstrates that the defendant had her, or should have had her, amply under his vision and have so operated his car to avoid running her down.

This case was strictly one for the jury and the judgment entered on the verdict is accordingly affirmed.

Judgment affirmed.